■ In the Matter of STEPHEN A. BLUM, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Respondent was admitted to the Bar on March 8, 1956 by the Appellate Division of the Supreme Court, First Judicial Department. Petitioner moves to confirm in part and to disaffirm in part the report of the Judge to whom the issues were referred. The petition contains six charges of professional misconduct. The Hearing Judge sustained five of the charges, finding that respondent signed his client's name to a general release and a settlement draft without authority (Charge I); improperly affixed his signature as notary public to the general release (Charge II); commingled funds of his client with those of his own (Charge III); misled and deceived his client as to the status of her claim (Charge IV); and misled and deceived petitioner

in its investigation of an inquiry filed by his client (Charge V). However, the Hearing Judge refused to sustain the charge that respondent failed to cooperate with petitioner in its investigation of the inquiry (Charge VI). We conclude that the evidence in the record supports the findings of the Hearing Judge. Accordingly, petitioner's motion is granted insofar as it seeks to confirm the report as to Charges I thru V, and denied insofar as it seeks to disaffirm the report as to Charge VI. In determining the sanction to be imposed upon respondent for his misconduct, we note that the Hearing Judge observed in his report that respondent, who has returned to his native Florida to work in a field unrelated to the law and has no present intention of practicing in New York, admitted his misconduct at the hearing and attributed his acts to "stupidity". The Hearing Judge also observed that at the time of the misconduct respondent was in the process of concluding his practice, his marriage had dissolved and he was under psychiatric care. Under all the circumstances, we conclude that respondent should be suspended from the practice of law for a period of two years and thereafter until further order of the court. Respondent suspended for a period of two years, the date of commencement to be fixed in the order to be entered hereon. Mahoney, P. J., Kane, Main and Casey, JJ., concur.